KAVRISZ *v.* THE CLEVELAND, CINCINNATI, CHI-
CAGO & ST. LOUIS RY. CO.

*Damages — Inadequacy of verdict — Reviewing court will not re-
verse judgment, when.*

A reviewing court is not authorized to reverse a judgment on the
ground of inadequacy of damages where the verdict of the jury
may have been based in whole or in part upon one or more of
several claims for damages advanced by plaintiff.

(Decided February 25, 1918.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Payer, Winch, Rogers & Minshall,* for
plaintiff in error.
*Messrs. Cook, McGowan & Foote,* for defendant
in error.

LIEGHLEY, J. The parties stood in the same order
in the court below.

The plaintiff was in the employ of the defendant
at its roundhouse in Linndale, Ohio. He claims
that he was peremptorily directed by his foreman
to remove brick from the fire box of an engine,
while the same was in a heated condition; that when
this work was completed, and while he was perspir-
ing profusely, he was ordered by his foreman to go
out into the open air to another building to obtain
other brick to be placed in said fire box; that this
was on the 5th of March, 1916, and the weather
was seasonable; and that in consequence of such
exposure had under the express direction of his
foreman he became afflicted with neuritis, suffered

an extreme impairment of his eyesight, and was put to large expense.

He brought suit in the court below to recover damages for the injuries sustained. The case came to trial, with the intervention of a jury, and resulted in a verdict of $750, upon which judgment was entered by the trial court, from which judgment error is prosecuted to this court by plaintiff to reverse the same.

Prejudicial error in the charge of the court is assigned. In the brief of plaintiff it is claimed that the plaintiff is entitled to the protection of the Norris Act, by the terms of which the defense of assumption of risk is not available to the defendant. It is urged that the trial court erroneously charged on this subject. Also, it is urged that the court erred in its charge upon the subject of contributory negligence, in that the law was confusedly stated.

We have examined the charge of the court, and we do not think that the law as given on these subjects was entirely correct, if it be true, as claimed, that the Norris Act is applicable to the situation presented by the proof in this case. However, the jury found all issues in favor of the plaintiff, notwithstanding the burdens placed on him by the charge of the court. The jury found that the plaintiff did not assume any risk and was not guilty of negligence, but that the defendant was negligent. The verdict of the jury irresistibly leads to this conclusion, and can only be reconciled upon this basis. Liability of the defendant having been established thereby, the jury then proceeded to determine from the proof, under the instructions of the court upon the subject, the amount of damages

to which the plaintiff was entitled and which he had suffered in consequence of the negligence of the defendant. This amount was decided to be the sum of $750. We are unable to see in what manner the errors complained of could be prejudicial to the rights of the plaintiff.

Inadequacy of damages is assigned as a ground for reversal of the judgment. A reversal cannot be predicated upon this ground unless it "appears upon the facts proved that the jury must have omitted to take into consideration some of the elements of damage properly involved in the plaintiff's claim." *Toledo Railways & Light Co.* v. *Mason,* 81 Ohio St., 463, and *Larkins, Admr.,* v. *Ohio Electric Railway Co.,* 4 Ohio App., 37.

The principal items of damage or injury for which the plaintiff asked compensation were impairment of eyesight, neuritis and actual expense incurred. A considerable portion of the bill of exceptions is made up of testimony directed to this subject. The claim of plaintiff in respect to each one is substantially controverted by proof offered by the defendant. We are unable to say from this record how much of the proof offered by plaintiff was believed by the jury and how much was disregarded. The jury observed the witnesses and established the credibility of each, which is its exclusive province. For aught we know the jury decided that the eyesight of plaintiff was not impaired to the extent claimed by him, or if it was so impaired that it did not proximately result from the causes claimed by him. So as to each claim made by plaintiff the jury may have found in part or whole. The proof in the case is in such state

that the application of the rule above referred to precludes us from a reversal of this case upon the ground of inadequacy of damages.

The judgment is therefore affirmed.

*Judgment affirmed.*

GRANT and DUNLAP, JJ., concur.